# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| JAMES EDWARDS, a Michigan Resident, MARY LEWS, a Michigan Resident, and HAROLD VARNER, a Michigan Resident, | |
| Plaintiffs, | |
| v. | Civil Action No. 7:07-cv-196 (HL) |
| KEVIN M. HARRISON, a Georgia Resident, and POWER AND PRAISE APOSTOLIC FAITH CHURCH, INC., a Georgia Corporation, | |
| Defendants. | |

## ORDER

This matter is before the Court on Plaintiffs' Motion to Dismiss Defendants' Counterclaim (Doc. 22). After consideration of the counterclaim and the parties' briefs, and, as more fully set forth below, the Court grants the Motion.

### Background

Plaintiffs, James Edwards, Mary Lews, and Harold Varner, filed a complaint on December 12, 2007, alleging that Defendants, Kevin Harrison and Power and Praise Apostolic Faith Church, Inc., among other things, breached a contract entered into by the parties. Defendants answered the complaint and responded with a counterclaim

against all Plaintiffs.  In the counterclaim, Defendants state they are alleging fraud by Plaintiffs, and offer six bases for the fraud, specifically that Plaintiffs

a) [seek to] take advantage of the Defendants and their rights to certain property located in Thomasville, Georgia by forcing development of the property;

b) refuse to abide by the damages provisions contained in the contract between the parties;

c) [seek to] use its superior knowledge of developments;

d) refuse to make necessary disclosures regarding their intentions and action when asked to do so;

e) refuse to make necessary provision for corporate organizations; and

f) refuse to cooperate with Construction Consultant Watch, Inc.

(Defenses of Law, Answer and Counterclaim at 8.)  Plaintiffs have moved pursuant to Rule 12(b)(6) for dismissal of the counterclaim, contending that it fails to state a claim upon which relief can be granted.

## Standard to be Applied to the Motion

When considering a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), the court takes the facts from the allegations in the complaint, assuming those allegations to be true.  Spain v. Brown & Williamson Tobacco Corp., 363 F.3d 1183, 1186 (11th Cir. 2004).  As a general rule, the analysis of a Rule 12(b)(6) motion is limited to the face of the complaint and attachments thereto. Brooks v. Blue Cross and

Blue Shield, 116 F.3d 1364, 1369 (11th Cir. 1997). The same general rules apply to a Rule 12(b)(6) motion to dismiss a counterclaim. *See, e.g.*, Manuel v. Convergys Corp., 430 F.3d 1132 (11th Cir. 2005) (applying Rule 12(b)(6) general principles to motion to dismiss counterclaim); Prepmore Apparel, Inc. v. Amalgamated Clothing Workers of Am., 431 F.2d 1004 (5th Cir. 1970) (same).

## Consideration of Matters Outside the Complaint

Before considering the motion to dismiss the counterclaim, the Court must first address one other issue: the attachments to the parties' respective briefs. As noted above, the general rule is that analysis of the motion to dismiss is limited to the face of the complaint and the attachments thereto. In support of their motion, Plaintiffs have attached the affidavit of James Edwards in which he explains his understanding of the terms of the agreement entered into by the parties and the failure of Defendants to abide by the terms of the agreement. Similarly, Defendants have attached the affidavits of Kevin Harrison and Julie McBride, as well as a copy of the Articles of Agreement that are in dispute in this case.

The courts have created an exception to the general rule prohibiting reference to documents outside the complaint when considering a motion to dismiss:

> [W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require the conversion of the motion into a motion for summary judgment.

Brooks, 116 F.3d at 1369. Here, Plaintiffs made reference to the Articles of Agreement in their complaint, going so far as to say that a copy of the Agreement was attached as an exhibit. However, no Agreement was attached to the complaint when it was filed. Nevertheless, the Court finds that the Articles of Agreement are central to Plaintiffs' claim and that Plaintiffs intended to make them a part of the complaint. The Articles of Agreement does, therefore, constitute the kind of document that is contemplated by the rule set forth in Brooks and is a part of the pleadings.

The Court finds otherwise with respect to the Affidavits of Kevin Harrison, Julie McBride, and James Edwards. None of these affidavits are documents that can be considered part of the pleadings for purposes of Rule 12(b)(6). They were not referenced in the complaint. While they may contain opinions that are central to Plaintiffs' claim, they are not themselves documents which are central to Plaintiffs' claim. The Court finds that these affidavits are matters outside the pleadings for purposes of Rule 12(b)(6).

The Federal Rules of Civil Procedure provide that if a court intends to consider matters outside the pleadings when ruling on a Rule 12(b)(6) motion, "the motion must be treated as one for summary judgment under Rule 56" and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Here, if the Court were to consider the affidavits in deciding the motion to dismiss the counterclaim, the Court would be obliged to convert the motion to one for summary judgment. However, the Court is of the opinion that it

would not be in the best interest of the parties to convert the Motion at this juncture. Rather, the Court will consider the motion without reference to the affidavits.

## Conclusions of Law

Defendants have stated in their counterclaim that they are alleging fraud by the Plaintiffs. (Defenses of Law, Answer and Counterclaim at 7.) Fraud is a "special matter" under the Federal Rules of Civil Procedure, which require that a party alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Courts have construed this provision to require that some indicia of reliability be given in the complaint to support the allegation of fraud. <u>U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc.</u>, 290 F.3d 1301, 1311 (11th Cir. 2002). A party pleading fraud must also plead facts as to the time, place, and substance of the alleged fraud, identifying when the fraudulent acts occurred and who engaged in them. <u>Id.</u> at 1310.

Here, Defendants' counterclaim lacks the specificity required by Rule 9(b). The counterclaim speaks only in general terms about Plaintiffs' conduct in "forcing development of the property"; refusing to abide by provisions in the contract; refusing to make necessary disclosures or provisions for corporate organizations; and refusing to cooperate with a construction consultant. (Defenses of Law, Answer and Counterclaim at 7-8.) Reference to the Articles of Agreement does not add factual detail that would support a claim for fraud.

Even assuming that the conduct alleged in the counterclaim, if engaged in by Plaintiffs, would amount to fraud, it is insufficient as pleaded to state a claim for fraud.

To be sufficient to meet the requirements of Rule 9(b), Defendants would have to identify the specific Plaintiff who engaged in the challenged conduct and when he engaged in that conduct and with whom. Defendants would have to offer some sort of factual basis to provide an indicia of reliability that the conduct was undertaken for the purposes of defrauding the Defendants, not merely the general conclusory allegations provided here.

Defendants claim that they have provided all of the information that they are able to provide at this stage of the pleadings but then assert that Plaintiffs "have knowingly and intentionally refused to make disclosures to the Defendants after having been asked to do so" and "refused to cooperate with Defendants' consultant" (Defs.' Resp. Mot. Dismiss at 3), thereby suggesting that they could have identified, for example, when Defendants were asked to make disclosures, what disclosures were requested, and when those disclosures were refused.

The purpose of the Rule 9(b) requirement is to protect defendants against spurious charges of fraudulent behavior and to protect them from harm to their goodwill and reputation. Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1277 (11th Cir. 2006). In addition, the Rule allows defendants to formulate defenses by putting them on notice as to the precise misconduct with which they are charged. Id. Defendants' vague allegations against Plaintiffs here are insufficient to put Plaintiffs on notice as to the precise conduct allegedly engaged in by them that was fraudulent. As such, these allegations are insufficient to satisfy the particularity requirement of Rule 9(b).

## **Conclusion**

The Court finds that Defendants' counterclaim fails to plead fraud as to these Plaintiffs with the particularity required by Federal Rule of Civil Procedure 9(b). As such, the counterclaim fails to state a claim upon which relief can be granted. Consistent with the foregoing, therefore, Plaintiffs' Motion to Dismiss Defendants' Counterclaim is granted.

**SO ORDERED**, this the 3rd day of March, 2009.

*s/  Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mls